PEOPLE v MATUJA

1. WITNESSES—CRIMINAL LAW—REFRESHING MEMORY—WRITINGS—NOTES—PREJUDICE.

The testimony of a witness who speaks from memory with his recollection having been stirred by a writing is what he relates, not the writing; the unavailability of the original notes from which a report used to refresh a witness's memory was made does not render the witness's testimony inadmissible absent a clear indication that the defendant was unfairly prejudiced by the unavailability of the notes.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—BREAKING AND ENTERING—RECEIVING STOLEN GOODS—EVIDENCE—INSTRUCTIONS TO JURY.

A trial judge's duty to instruct a jury on lesser included offenses in a criminal trial, whether the offenses are necessarily included or cognate, is determined by the evidence presented in the case; a judge has no duty to instruct on receiving and concealing stolen goods in a trial for breaking and entering where there was no evidence presented to establish the element of value, which is essential to a conviction of receiving and concealing stolen goods.

3. CRIMINAL LAW—LARCENY—RECEIVING STOLEN GOODS—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES.

Receiving and concealing stolen goods shares no overlapping elements with and is therefore not a lesser included offense of the crime of breaking and entering an occupied dwelling with intent to commit larceny.

Appeal from St. Clair, Halford I. Streeter, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 440.
Refreshing recollection by use of memoranda or other writings. 82 ALR2d 473.
[2] 75 Am Jur 2d, Trial § 876 *et seq.*
[3] 13 Am Jur 2d, Burglary §§ 1, 2.
66 Am Jur 2d, Receiving Stolen Property § 3.

Submitted June 8, 1977, at Lansing. (Docket No. 28822.) Decided August 9, 1977.

Mark Matuja was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Austin A. Howard,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305. He was sentenced to a term of 5 to 15 years in prison and now appeals by right.

Ross Matuja, defendant's brother, testified for the defense that he purchased two of the rifles stolen in the breaking and entering with which defendant was charged from Donald McComb, and that McComb kept a third rifle for himself. Trooper Maskey testified, however, that Ross Matuja had stated to him during an interview that he paid defendant for the two guns and that McComb had not taken the third gun with him after the sale. Maskey had taken notes of this interview and later typed a report from his notes. Although Maskey reviewed the typed report before testifying, he did not refer to it on the witness stand.

Maskey's testimony tended to show that defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant reaped the profits of the larceny, and weakened defendant's theory that McComb and another unidentified individual committed the breaking and entering. Defendant contends that it was reversible error to admit Maskey's testimony because the unavailability of Maskey's original notes, which were destroyed after his report was typed, effectively denied defendant the right to meaningful cross-examination of Maskey.

Defendant relies on *People v Rosborough,* 387 Mich 183; 195 NW2d 255 (1972), in contending that Maskey's testimony was inadmissible because his original notes were unavailable. Defendant's reliance is misplaced. In *Rosborough* the officers' reports themselves were admitted as past recollections recorded and the Court held:

"We conclude that if the reports of the officers prepared at the end of a day's work *are to be allowed in evidence* [as past recollections recorded], they must be accompanied by the fragmentary notes from which each report was prepared. Only in this fashion will it be possible for counsel for a defendant to proceed with a meaningful cross-examination of the officer." *Rosborough, supra,* at 194–195. (Emphasis added.)

In the present case Maskey's report was not admitted in evidence. Although he had refreshed his memory by reviewing his report prior to testifying, Maskey testified from present recollection of his conversation with Ross Matuja, and admission of his testimony was not error, at least absent any indication that the original notes were destroyed as part of a calculated attempt to suppress evidence. *People v Gorka,* 381 Mich 515, 522–523, 525; 164 NW2d 30 (1969). As former Justice O'HARA noted in *People v Banks,* 50 Mich App 622, 625; 213 NW2d 817 (1973):

"*[Rosborough]* is principally concerned with possible discrepancies which might exist between the two sets of memoranda and the difficulty confronting a defendant who might wish to challenge *the reports' accuracy* without the availability of the original writings (particularly in view of the fact that the officers likely would have little actual recall of the countless observations at a point much later in time)." (Emphasis added.)

When, as here, a witness testifies from memory, with his recollection having been stirred by a writing, his testimony is what he relates, not the writing. *People v Turner,* 59 Mich App 589, 594–595; 229 NW2d 861 (1975). Thus it was the accuracy of Maskey's recollection and testimony, and not the accuracy of his report, that was properly the subject of cross-examination. The unavailability of Maskey's original notes did not render his testimony inadmissible, absent clear indication that defendant was unfairly prejudiced by admission of Maskey's testimony without making his original notes available for purposes of cross-examination. See *People v Fiorini,* 53 Mich App 389, 397–398; 220 NW2d 70 (1974). We find no such indication here; indeed, defense counsel used the unavailability of Maskey's notes to attack his credibility, and defense counsel thoroughly explored the gaps in Maskey's recollection of the interview on cross-examination. *Cf. People v Fiorini (On Rehearing),* 59 Mich App 243, 251; 229 NW2d 399 (1975). Accordingly, we hold that it was not error to admit Trooper Maskey's testimony.

Defendant next contends that the trial judge erred, under the rule announced in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), in refusing defendant's request for an instruction on receiving and concealing stolen goods. We note, first, that there was no evidence to establish the element of value, which is essential to a conviction

of receiving and concealing stolen goods. *People v Martinovich,* 18 Mich App 253, 257; 170 NW2d 899 (1969). Thus, since the duty of the trial judge to instruct on lesser included offenses, whether necessarily included or "cognate", is determined by the evidence, *People v Ora Jones, supra,* at 390, the trial judge did not err in refusing instruction on receiving and concealing stolen goods.

Moreover, even if it could be assumed, *arguendo,* that the offenses of breaking and entering an occupied building with intent to commit larceny and receiving and concealing stolen goods share a common statutory purpose,[1] the two offenses share no overlapping elements. The elements of the breaking and entering charge in this case are: (1) breaking and entering, (2) with felonious intent, (3) of an occupied dwelling. *People v D'Argis,* 44 Mich App 186, 188; 205 NW2d 19 (1972). The elements of receiving and concealing stolen property are: (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen. *People v Martinovich, supra,* at 257. Therefore, consistent with the analysis prescribed in *People v Ora Jones, supra,* at 389–390, we hold that receiving and concealing stolen goods is not a lesser included offense of breaking and entering an occupied dwelling with intent to commit larceny.

As there was no error, the conviction stands affirmed.

---

[1] In *People v Slate,* 73 Mich App 126, 236; 250 NW2d 572 (1977), discussing principles of joinder, the Court referred to them as "kindred felonies".