PEOPLE v USHER

Docket No. 54642. Submitted October 7, 1982, at Detroit.—Decided November 17, 1982.

Frank L. Usher was convicted of first-degree murder and felony-firearm, Detroit Recorder's Court, David P. Kerwin, J. The defendant appeals alleging that insufficient evidence was produced: (1) at the preliminary examination to bind him over for trial as an aider or abettor on the murder charge; (2) at the preliminary examination to bind him over for trial on the felony-firearm charge; (3) at the trial to support his conviction for first-degree murder and that the Court of Appeals erred in its decision regarding the suppression of a prosecution witness's testimony in an earlier interlocutory appeal to the Court of Appeals. *Held:*

1. The examining magistrate at the preliminary examination did not abuse his discretion in binding the defendant over for trial on the first-degree murder charge. The evidence produced at the preliminary examination established probable cause to believe that the defendant aided or abetted in the killing of the three victims. There was probable cause to believe that the defendant's presence was part of a preconceived plan to kill the victims and dispose of the evidence. While the magistrate erred in ruling that hearsay evidence was per se admissible to determine probable cause, that ruling does not mandate reversal of the defendant's convictions because the introduction of incompetent evidence is harmless if probable cause is established by other competent evidence.

2. The defendant's conviction for felony-firearm should be

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 772, 774, 881.
[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 413, 418, 419.
[2] 5 Am Jur 2d, Appeal and Error § 806.
   29 Am Jur 2d, Evidence § 496.
[3, 5] 21 Am Jur 2d, Criminal Law § 167.
[4] 40 Am Jur 2d, Homicide § 449.
[5] 79 Am Jur 2d, Weapons and Firearms § 24.
[6] 5 Am Jur 2d, Appeal and Error § 883.
[7] 5 Am Jur 2d, Appeal and Error § 754.

reversed. While evidence was produced at the trial that tended to show that the defendant gave his gun to one of the participants in the crime, no such evidence was introduced at the preliminary examination. There was insufficient evidence at the preliminary examination to support binding the defendant over to circuit court for trial on the felony-firearm charge.

3. There is no merit to the defendant's claims that insufficient evidence was produced at the trial to support the defendant's conviction as an aider or abettor to first-degree murder or that the jury's verdict was against the great weight of the evidence. Viewed in a light most favorable to the defendant, the evidence showed that the defendant was a part of an elaborate plan to murder the victims and dispose of the evidence. The defendant's presence tended to facilitate the killings.

4. The defendant's claim regarding suppression of a prosecution witness's testimony was decided by the Court of Appeals earlier on an interlocutory appeal. If the defendant desired further consideration of that issue by the Court of Appeals, he should have moved for a rehearing following the earlier decision. Because he did not do so, the decision of the Court of Appeals became the law of the case and further review of that issue is precluded.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

An examining magistrate at a preliminary examination has a duty to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it; a magistrate should not discharge a defendant where the evidence is conflicting or if it raises reasonable doubts of the defendant's guilt, instead, such questions should be left for a jury to decide at a trial; even if a reviewing court disagrees with the examining judge's decision, it should not reverse the determination of probable cause absent a finding of a clear abuse of discretion.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — HEARSAY EVIDENCE.

Error resulted where an examining magistrate at a preliminary examination ruled that hearsay evidence was per se admissible to determine whether there was probable cause to believe that the defendant committed a crime; the introduction of incompetent evidence was harmless, however, where probable cause was established by other competent evidence.

3. CRIMINAL LAW — AIDERS AND ABETTORS.

The phrase "aiding and abetting" in criminal law is used to describe all forms of assistance rendered to the perpetrator of a crime; the term comprehends all words or deeds which may support, encourage, or incite the commission of a crime; and the amount of advice, aid, or encouragement is not material if it had the effect of inducing the commission of the crime; a prosecuting attorney need not show that a defendant aided or abetted any particular person to convict that defendant as an aider or abettor; one aids or abets when he takes conscious action to make the criminal venture succeed.

4. HOMICIDE — PRELIMINARY EXAMINATIONS — MURDER — DECAPITATION.

An examining magistrate at a preliminary examination did not err in considering evidence that a defendant charged with murder decapitated a victim after that victim was deceased for purposes of determining whether there was probable cause to believe that the defendant aided and abetted in the crime because while evidence of the decapitation alone could not establish probable cause to believe that the defendant aided or abetted, such evidence may be viewed as a means to destroy evidence of the crime and shows consciousness of guilt.

5. CRIMINAL LAW — FELONY-FIREARM — AIDERS AND ABETTORS.

It must be established that a defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained, to convict a defendant of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

6. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

A reviewing court should view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt when determining whether there is sufficient evidence to support a defendant's conviction.

7. APPEAL — LAW OF THE CASE.

A legal question which has been raised and ruled upon in an interlocutory appeal before the Court of Appeals may not be raised in a subsequent appeal before the Court of Appeals where the party seeking to raise the question did not move for

a rehearing following the Court of Appeal's earlier decision; the prior ruling is the law of the case and is controlling.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Culpepper & Sorise* (by *Domnick J. Sorise),* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

N. J. KAUFMAN, J. Following a jury trial, defendant Frank Lee Usher was found guilty as charged of first-degree murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment for the first-degree murder conviction, the sentence to be preceded by a jail sentence of two years for the felony-firearm conviction. He appeals by right.

Defendant first challenges the sufficiency of the evidence presented against him at his preliminary examination.

An examining magistrate has a duty to bind a defendant over for a trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v Asta,* 337 Mich 590; 60 NW2d 472 (1953); *People v Goode,* 106 Mich App 129; 308 NW2d 448 (1981). A magistrate should not discharge a defendant when the evidence is conflicting or if it raises reasonable doubts of the defendant's guilt. Instead, such questions should be left for the jury to decide at a trial. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979);

*People v Tait,* 99 Mich App 19; 297 NW2d 853 (1980). Even if a reviewing court disagrees with the examining judge's decision, it may not reverse the determination of probable cause absent a finding of a clear abuse of discretion. *People v Doss, supra; People v Michael Johnson,* 105 Mich App 498; 307 NW2d 357 (1981).

We agree with defendant's contention that the magistrate's preliminary ruling, that hearsay was per se admissible to determine probable cause, was erroneous. See *People v Asta, supra; People v Duncan,* 388 Mich 489; 201 NW2d 629 (1977). We cannot agree, however, that this ruling mandates reversal of defendant's convictions. The introduction of incompetent evidence is harmless if probable cause is established by other competent evidence. In any event, defendant chose to adopt as his own the testimony given at a prior preliminary examination held for persons who allegedly participated with defendant in the crimes. Our task, then, is to review the testimony given at the prior preliminary examination to determine if it was an abuse of discretion for the magistrate to decide that the testimony given there established probable cause with respect to defendant.

The alleged crimes arose out of a series of events at the Democratic Club, a private club in Detroit, culminating in the killings of three people, their subsequent beheadings, and amputation of five of their six hands. The evidence showed that two men were wired money to travel from California to Detroit and testimony indicated that they were in the club the evening of the killings. With respect to defendant, the evidence showed that on the morning of the killings, he was allowed entrance to the private club by the doorman. The three victims arrived soon after the defendant

arrived. Orders had been given that people were not to be let into the club. After the killings, defendant was seen at a table with the men from California while others cleaned up the blood in the club. One of the men was counting money. Muffled sounds were later heard coming from a storage room. A witness saw an amputated hand in a storage room and defendant exiting from it. A witness to the events was nervous and shaking as he told the club cook that defendant had cut off the woman's head.[1] Defendant and the men from California left the club together. Club members then proceeded with an orderly clean-up of the club, including the disposal of guns and a meat cleaver that had not previously been on the premises. The autopsy report showed that the victim's death was caused by gunshot wounds to their backs and heads, and not as a result of their subsequent decapitations.

Defendant does not contest that the deaths were due to a murder in the first degree. Instead, defendant argues that there was insufficient evidence to support the prosecution's theory that defendant aided or abetted in the murders.

The term "aiding or abetting" includes all forms of assistance. The term comprehends "all words or deeds which may support, encourage, or incite the commission of the crime". *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974). The amount of aid or advice is immaterial so long as it had the effect of inducing the crime. *People v Washburn,* 285 Mich 119; 280 NW 132 (1938), *app den* 305 US 577; 83 L Ed 363; 59 S Ct 355 (1939). One aids or

---

[1] Though hearsay, this evidence was admissible as an excited utterance under MRE 803(2). Decapitation would seem to be an "exciting event". The nervousness and shaking suggests that he was still under the influence of the event when he described it. See, generally, *People v Coppernol,* 59 Mich App 745; 229 NW2d 913 (1975).

abets when he takes conscious action to make the criminal venture succeed. *People v Wright (On Remand),* 99 Mich App 801; 298 NW2d 857 (1980); *People v Boose,* 109 Mich App 455; 311 NW2d 390 (1981). Contrary to defendant's interpretation, *People v Tunnacliff,* 375 Mich 298; 134 NW2d 682 (1965), does not require that the prosecution show that the defendant aided or abetted any particular person.

We find that the evidence produced established probable cause to believe that defendant aided or abetted in the killing of the three victims. While defendant is correct in stating that the decapitation alone cannot establish probable cause to believe defendant aided or abetted, defendant is incorrect in stating that post-death evidence is irrelevant to the determination. See *People v Hooper,* 50 Mich App 186; 212 NW2d 786 (1973), *lv den* 391 Mich 808 (1974); *People v Cismadija,* 167 Mich 210; 132 NW 489 (1911). The decapitation can be viewed as a means to destroy evidence of the crime and shows consciousness of guilt. There was probable cause to believe that defendant's presence was part of a preconceived plan to kill the victims and dispose of the evidence. The examining magistrate did not abuse his discretion in binding defendant over for trial.

Defendant also argues that there was insufficient evidence to support binding him over on the charge of felony-firearm. We agree. In *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), the Supreme Court held that:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in

obtaining the proscribed possession, or in retaining such possession otherwise obtained. See *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971); *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969)."

While evidence was produced at the trial that tended to show that defendant gave his gun to one of the participants, no such evidence was introduced at the preliminary examination. The prosecutor conceded this point during oral argument. Defendant's felony-firearm conviction must be reversed. See *People v Kennedy,* 9 Mich App 346; 155 NW2d 855 (1968), *rev'd on other grounds* 384 Mich 339 (1971).

Defendant next contends that insufficient evidence was produced at the trial.

When a defendant challenges the sufficiency of the evidence against him at trial, the reviewing court must determine, when viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *People v Delongchamps,* 103 Mich App 151; 302 NW2d 626 (1981), *lv den* 412 Mich 857 (1981).

The evidence introduced at the preliminary examination was substantially reproduced at trial. In addition, the evidence at trial, when viewed in the light most favorable to the prosecution, showed that defendant conversed with the victims at a party he had given in the early morning before the killings. The victims worked for defendant. They left the party at the same time. The victims arrived at the club soon after defendant arrived. Defendant gave his gun to the man who had obtained the services of the hit men from California. When the hit men arrived at the club, defendant sought the possession of one of their guns. Defendant and the hit men were well-acquainted.

After the victims were repeatedly shot, their bodies were removed to the storage room, where defendant decapitated at least one of the victims. While other members of the club cleaned the building, defendant, in a joyful mood, sat at a table with the two hit men while they counted money. After retrieving his gun, defendant left with the hit men and the three of them drove away in defendant's car. The meat cleaver, which had never previously been at the club, was disposed of. Sometime later, defendant was heard to say that he was considering killing three witnesses who had talked to the police, but thought the police would connect those killings to him.

We find that a reasonable jury could have found defendant guilty of first-degree murder beyond a reasonable doubt. Viewed in the light most favorable to defendant, the evidence showed that defendant was a part of an elaborate plan to murder the victims and dispose of the evidence. Defendant even tried to obtain one of the hit men's guns to participate more fully. His presence tended to facilitate the killings. The victims were lured to their deaths by the man for whom they worked. We also find no merit in defendant's claim that the verdict was against the great weight of the evidence.

Defendant's final claim on appeal concerns a question decided earlier on interlocutory appeal to this Court. This Court reversed the trial court's suppression of a prosecution witness's testimony. *People v Usher,* (Docket No. 51900, decided June 9, 1980, 408 Mich 957 (1980). [Unreported.] The Supreme Court denied leave to appeal. If defendant desired further consideration of that issue by this Court, he should have moved . for a rehearing following the earlier decision. Since he did not do

so, the decision became the law of the case and further review is precluded. *People v Drew,* 83 Mich App 57; 268 NW2d 284 (1978); *People v Hamm,* 100 Mich App 429; 298 NW2d 896 (1980), *lv den* 411 Mich 888 (1981); *People v Prophet,* 101 Mich App 618; 300 NW2d 652 (1980). See also GCR 1963, 800.4.

Affirmed in part and reversed in part.