PEOPLE v QUINN

Docket No. 74079. Submitted February 16, 1984, at Lansing.—Decided July 9, 1984.

Cleandiz K. Quinn was charged with breaking and entering an occupied dwelling with the intent to commit larceny therein. Following a bench trial in Detroit Recorder's Court, he was convicted of receiving and concealing stolen property of a value greater than $100 and was sentenced, Samuel H. Olsen, J. Defendant appeals. *Held:*

1. Defendant had adequate notice that he might have to defend against a charge of receiving and concealing stolen property of a value greater than $100. Receiving and concealing stolen property is a cognate lesser included offense of breaking and entering.

2. The trial court made sufficient findings of fact to support defendant's conviction.

Affirmed.

Hood, J., concurred but wrote separately to state that he erred in holding in a previous case that receiving and concealing stolen property was not a cognate lesser included offense of breaking and entering with intent to commit larceny therein and that a trial court does not err by amending the information to add a count of receiving and concealing stolen property in a case where the facts support a lesser included offense of receiving and concealing.

OPINION OF THE COURT

1. CRIMINAL LAW — OFFENSES NOT CHARGED — NOTICE — LESSER INCLUDED OFFENSES.

A trial court has no authority to convict a defendant of an offense

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 1007.
   41 Am Jur 2d, Indictments and Informations §§ 97, 313.
[2] 75 Am Jur 2d, Trial §§ 420 *et seq.,* 876 *et seq.*
[3] 13 Am Jur 2d, Burglary § 73.
   66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 1, 3, 14 *et seq.*
[4] 41 Am Jur 2d, Indictments and Informations §§ 177 *et seq.,* 204, 206.

not specifically charged unless the defendant has had adequate notice; the notice is adequate if the latter charge is a lesser included offense of the original charge.

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — JURY INSTRUC-
TIONS.

A trial court may not instruct a jury on a cognate lesser included offense unless the language of the charging document gives the defendant notice that he could face a lesser offense charge.

3. CRIMINAL LAW — RECEIVING AND CONCEALING STOLEN PROPERTY —
BREAKING AND ENTERING — LESSER INCLUDED OFFENSES.

Receiving and concealing stolen property is a cognate lesser included offense of breaking and entering.

CONCURRENCE BY HOOD, J.

4. CRIMINAL LAW — LESSER INCLUDED OFFENSES — AMENDMENT OF
INFORMATION.

*A trial court does not err by amending an information to add a count of a lesser included offense in a case where the facts support such a charge.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Douglas Hamel* and *Frank Singer* (of Counsel), for defendant on appeal.

Before: DANHOF, C.J., and HOOD and SHEPHERD, JJ.

DANHOF, C.J. Defendant was originally charged with breaking and entering an occupied dwelling with the intent to commit larceny therein, MCL 750.110; MSA 28.305. Defendant was convicted after a bench trial of receiving and concealing stolen property of a value greater than $100, MCL

750.535; MSA 28.803. He was sentenced to from 18 months to 5 years imprisonment and presently appeals as of right.

Defendant argues on appeal that his conviction must be reversed because he was convicted of an offense not charged within the information. We disagree.

A trial court has no authority to convict a defendant of an offense not specifically charged unless the defendant has had adequate notice. *People v Adams,* 389 Mich 222; 205 NW2d 415; 59 ALR3d 1288 (1973); *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937). The notice is adequate if the latter charge is a lesser included offense of the original charge. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). A trial court may not instruct a jury on a cognate lesser included offense unless the language of the charging document gives the defendant notice that he could face a lesser offense charge. *People v Chamblis,* 395 Mich 408, 418; 236 NW2d 473 (1975). Although defendant relies upon *People v Matuja,* 77 Mich App 291; 258 NW2d 79 (1977), for the proposition that receiving and concealing stolen property is not a cognate lesser included offense of breaking and entering with intent to commit larceny, *Matuja* was *sub silentio* overruled by *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979): "Receiving and concealing, a cognate lesser included offense of breaking and entering * * *."

We hold that defendant had adequate notice that he might have to defend against a charge of receiving and concealing stolen property of a value greater than $100. The testimony at trial established that defendant had possession of items which had been stolen from the complainant's home. The complainant testified that she had not

given anyone permission to take the items out of the house. In summary:

"If the evidence shows that the defendant committed a crime of lesser degree than that with which he was charged, he should be found guilty of *that* offense. He should not escape punishment for lack of evidence of an element not required to convict of the lesser offense. Nor should he be convicted of a higher offense because the jury recognizes that he did commit some offense. Society has a legitimate interest in the jury's freedom to act according to the evidence." *Chamblis, supra,* p 426.

The same is true in a bench trial. *People v Cazal,* 412 Mich 680; 316 NW2d 705 (1982).

Defendant also argues that the case should be remanded because the trial judge failed to make sufficient findings of fact. We have reviewed the record and the trial judge's findings of fact and conclusions of law and find them to be adequate under GCR 1963, 517.1.

Affirmed.

SHEPHERD, J., concurred.

HOOD, J. *(concurring).* In *People v Price,* 126 Mich App 647; 337 NW2d 614 (1983), *lv den* 417 Mich 1100.40 (1983), I was a member of a panel which decided that receiving and concealing stolen property was not a cognate lesser included offense of breaking and entering with intent to commit larceny therein. I now find that I erred in that conclusion by relying upon *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977). Although the Supreme Court did not indicate its reasoning, it has explicitly stated that receiving and concealing stolen property may be a cognate lesser included offense of breaking and entering. *People v*

*Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979). Therefore, in those cases in which the facts would support a lesser included offense of receiving and concealing stolen property although the defendant was charged with breaking and entering, a trial court does not err by amending the information to add the receiving and concealing count.