PEOPLE v WILLIAM JAMES

Docket No. 76052. Submitted December 18, 1984, at Detroit.—Decided
February 27, 1985.

Defendant, William James, was charged in the Recorder's Court
for the City of Detroit with receiving and concealing stolen
property, to wit: a 1975 Ford station wagon. At the close of the
proofs, the trial court, Leonard Townsend, J., found that insuffi-
cient evidence had been presented to support a conviction for
that offense and instead convicted the defendant of attempted
larceny from an automobile. Defendant appeals alleging that
he did not receive adequate notice that he would be required to
defend against a larceny charge. *Held:*

1. The trial court incorrectly classified attempted larceny
from an automobile as a cognate lesser included offense of
receiving and concealing stolen property. The offenses are
unrelated, directed at different harms and intended to protect
different interests. Larceny from a motor vehicle cannot be
considered a lesser included offense of receiving and concealing
stolen property.

2. The original charge failed to provide adequate notice to
the defendant that he would be required to defend against a
larceny charge. Neither the information nor the nature of the
offense charged sufficiently apprised defendant that he would
be required to present an additional defense. The lack of notice
violated defendant's right to due process.

Reversed.

1. CRIMINAL LAW — OFFENSES NOT CHARGED — NOTICE — LESSER
INCLUDED OFFENSES — DUE PROCESS.

A defendant may not be convicted of a crime with which he was
not charged unless he has had adequate notice; fair notice
requirements are met if the subsequent charge is a lesser
included offense of the originally charged greater offense.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law § 1007.
[3] 50 Am Jur 2d, Larceny § 120.
66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 15,
16.

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES.

A cognate lesser included offense is one which is in the same class or category as the charged offense or which is closely related to the originally charged offense; such an analysis is made by determining whether the charged offense and the lesser offense demonstrate the overlapping of certain elements and share a common statutory purpose.

3. CRIMINAL LAW — LARCENY FROM A VEHICLE — RECEIVING AND CONCEALING STOLEN PROPERTY — LESSER INCLUDED OFFENSES.

Larceny from a motor vehicle and receiving and concealing stolen property are unrelated offenses which are directed at different harms and intended to protect different interests; larceny from a motor vheicle cannot be considered a lesser included offense of receiving and concealing stolen property; the two crimes are prohibited by different statutes, do not have overlapping elements and have distinct, unrelated statutory purposes (MCL 750.356a, 750.535; MSA 28.588[1], 28.803).

*Gerald S. Surowiec,* for defendant on appeal.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. Defendant was charged with receiving and concealing stolen property, MCL 750.535; MSA 28.803, to-wit: a 1975 Ford station wagon. At the close of the proofs, the court found that insufficient evidence was presented to support a conviction for that offense and convicted the defendant of attempted larceny from an automobile. Though the court recognized that attempted larceny from a motor vehicle was not a necessarily included lesser offense, it deemed it to be a cognate lesser included offense on the theory that the facts necessary to establish either offense were "so similar" and that "if something was taken from the car that either offense would fit". Defendant contends that the offense is not a cognate lesser inlcuded offense and therefore his conviction for that unrelated offense violated his right to receive fair notice.

A defendant may not be convicted of a crime with which he was not charged unless he has had adequate notice. *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937); *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). Fair notice requirements are met if the subsequent charge is a lesser included offense of the originally charged greater offense. *Ora Jones, supra; People v Quinn,* 136 Mich App 145; 356 NW2d 10 (1984). Lesser included offenses have traditionally been analyzed in terms of necessarily included offenses and cognate lesser included offenses. A cognate lesser included offense is one which is in the same class or category as the charged offense or which is closely related to the originally charged offense. *Ora Jones, supra,* p 388. In order to make this analysis, we must determine whether the charged offense and the lesser offense demonstrate the overlapping of certain elements and share a common statutory purpose. *Ora Jones, supra,* p 389. In the present case, the trial judge classified attempted larceny from an automobile as a cognate lesser included offense of receiving and concealing stolen property. Defendant contends that this characterization is incorrect. We agree.

Larceny from a motor vehicle and receiving and concealing stolen property are prohibited by different statutes and the crimes have different elements. In *People v Kyllonen,* 402 Mich 135, 145; 262 NW2d 2 (1978), the Court stated that MCL 750.535; MSA 28.803 was intended as a prohibition against those who assist the thief in the disposition or concealment of stolen property. In light of this statutory purpose, the Court concluded that defendants who had stolen the property they attempted to conceal were to be punished separately under the larceny statute.

"Therefore, the statute should be strictly construed to exclude thieves who conceal property they have stolen. Under the Michigan statutory scheme, thieves are to be punished for larceny. Persons who help thieves or others conceal stolen property are to be punished for aiding in the concealment of stolen property." *Kyllonen, supra,* p 148 (Footnote omitted.)

Application of the *Kyllonen* analysis to the instant case demonstrates that receiving and concealing stolen property, the originally charged offense, and larceny from a motor vehicle have distinct, unrelated statutory purposes.

The elements of the two offenses are equally distinct. MCL 750.356a; MSA 28.588(1) provides in part:

"Sec. 356a. Any person who shall commit the offense of larceny by stealing or unlawfully removing or taking any wheel, tire, radio, heater or clock in or on any motor vehicle, house trailer, trailer or semi-trailer, shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the state prison not more than 5 years."

The elements of this offense are: (1) that a wheel, tire, radio or clock have been taken, (2) that there was some movement of the property whereby defendant gained control of it, (3) that the property was taken from a motor vehicle, (4) that the defendant intended to permanently deprive the owner of the property, and (5) that the taking was without the owner's consent. CJI 23:4:01. On the other hand, MCL 750.535; MSA 28.803 is directed at defendants who participate in the concealment or disposition of stolen property. That statute reads in part:

"Sec. 535. (1) A person who buys, receives, possesses, conceals, or aids in the concealment of stolen, embez-

zled, or converted money, goods, or property knowing the money, goods, or property to be stolen, embezzled or converted, if the property purchased, received, possessed, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both. If the property purchased, received, possessed, or concealed is of a value of $100.00 or less, the person is guilty of a misdemeanor. On a third or subsequent conviction under this section the person is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both, although the value of the property purchased, received, possessed, or concealed does not exceed $100.00."

The elements required for a conviction under that statute include: (1) that the property was stolen, (2) the value of the property, (3) that the defendant received, possessed, concealed or aided in the concealment of the property, (4) that the property was identified as the same property which had been stolen, and (5) that the defendant knew the property was stolen at the time he obtained possession of the property. *People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978); CJI 26:1:01.

We are unable to find any overlapping elements between larceny from a motor vehicle and receiving and concealing stolen property. A review of the elements supports the conclusion in *Kyllonen* that the offenses are unrelated, directed at different harms and intended to protect different interests. In the absence of either a common statutory purpose or overlapping elements, larceny from a motor vehicle cannot be considered a lesser included offense of receiving and concealing stolen property.

Since the offenses do not fall within the same class or category, the original charge failed to provide adequate notice to the defendant that he

would be required to defend against a larceny charge. Consequently, the defense was limited almost entirely to the people's failure to establish the elements of the charged offense. No defense witnesses were presented and no closing arguments were made. Absent adequate notice of a larceny charge, defendant was left to rely on the defense that had been designed to counter only the receiving and concealing stolen property charge. Neither the information nor the nature of the offense charged sufficiently apprised defendant that he would be required to present an additional defense. The lack of notice violated defendant's right to due process. Defendant's conviction is, therefore, reversed.