PEOPLE v USHER

Docket No. 130365. Submitted September 10, 1992, at Detroit. De-
    cided October 5, 1992, at 9:15 A.M. Leave to appeal sought.

    Frank L. Usher was convicted by a jury in the Detroit Recorder's
    Court, David P. Kerwin, J., of first-degree murder as a result of
    aiding and abetting the murders of three persons, and posses-
    sion of a firearm during the commission of a felony. The Court
    of Appeals, Danhof, C.J., and N. J. Kaufman and D. C. Riley,
    JJ., affirmed the murder conviction and reversed the felony-
    firearm conviction. 121 Mich App 345 (1982). The trial court
    subsequently granted the defendant a new trial. During retrial,
    the prosecution again alleged that the defendant had aided and
    abetted the murders. At the close of the prosecution's proofs,
    the trial court directed a verdict of not guilty of first-degree
    murder and informed the jury that the trial was then to
    proceed on a charge of being an accessory after the fact to
    murder. Before the conclusion of the retrial, the defendant
    pleaded guilty of being an accessory after the fact to murder.
    The defendant appealed, claiming that the trial court lacked
    authority to accept his guilty plea because the information was
    not amended before trial to charge him with being an accessory
    after the fact.

    The Court of Appeals *held:*

    A trial court may not convict a defendant of an offense not
    specifically charged unless the defendant has had adequate
    notice. Notice is adequate if the latter charge is a lesser
    included offense of the original charge.

    Because the evidence adduced in this case presented a factual
    question regarding whether the defendant assisted the commis-
    sion of the murders before, during, or after their completion,
    accessory after the fact to murder was a cognate lesser included
    offense of aiding and abetting murder. Thus, the defendant had
    adequate notice of the possibility of conviction of being an
    accessory after the fact to murder.

    Affirmed.

References
Am Jur 2d, Criminal Law § 167; Homicide § 32.
See the Index to Annotations under Aiding and Abetting.

HOMICIDE — FIRST-DEGREE MURDER — AIDERS AND ABETTORS —
ACCESSORIES AFTER THE FACT — JURY INSTRUCTIONS.

In a prosecution for first-degree murder as an aider and abettor, the jury may be instructed regarding the offense of being an accessory after the fact to murder if there is a factual question about when the defendant assisted the commission of the murder.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for the defendant on appeal.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.

CONNOR, J. Defendant appeals as of right his plea-based conviction of being an accessory after the fact to murder, MCL 750.505; MSA 28.773. On May 8, 1990, defendant was sentenced to forty to sixty months in prison. Defendant also received credit for time served, which amounted to 3,838 days. We affirm.

This case has a lengthy legal history. Briefly, this Court in 1982 reversed defendant's conviction of possession of a firearm during the commission of a felony and affirmed his conviction of first-degree murder. *People v Usher,* 121 Mich App 345; 328 NW2d 628 (1982), lv den 418 Mich 939 (1984). In 1988, defendant was granted a new trial by the trial court. That trial was held in March 1989. The prosecution's theory was that defendant aided and abetted the murders of three individuals. At the close of the prosecutor's case, defendant moved for a directed verdict on the charge of first-degree murder. Defense counsel argued that there was no

evidence that defendant aided and abetted in committing the murders with the necessary intent before or at the time the crimes were committed by the principals.

During the course of arguments, the trial judge informed the attorneys that he would review the law, as well as the trial testimony, to decide if a directed verdict should be granted. The trial judge also alerted counsel that if he were to direct a verdict on the aiding and abetting charge he would consider whether the case could proceed to the jury on the common-law crime of being an accessory after the fact to murder. Apparently the only direct evidence of defendant's involvement in the crimes consisted of allegations of assistance rendered after the murders were committed. At trial, the prosecution had urged that defendant's assistance, albeit after the murders, was still indicative of an overall plan to accomplish the murders. The prosecution vehemently argued against allowing a reduced charge to go to the jury.

Defense counsel, in effect, conceded that a charge of being an accessory after the fact would be a cognate lesser included offense in this case. He stated that he would be derelict in his duties to his client if he did not request an instruction for accessory after the fact as a lesser offense, and counsel did not object to the trial court's adding the accessory charge after directing a verdict on the first-degree murder charge.

Before deciding the motion for a directed verdict, the trial court held that it would allow the case to go to the jury on the crime of accessory after the fact:

So the Court is of the opinion that common sense, reason and logic dictate that in evaluating a motion for a directed verdict of acquittal based on

insufficiency of the evidence that the evidence is insufficient to allow a rational trier of fact to find proof beyond a reasonable doubt either by direct or circumstantial or both on the elements of the offense charged that the Court would be permitted to make a determination that while the People may not be able to sustain that particular burden as to that particular offense that they might very well be able on another cognate or lesser offense.

In addition, it was noted that defendant would not be surprised or prejudiced by this new charge because he had constructive notice through the facts and theories of this case.

The prosecution sought and was denied relief in this Court regarding the decision to grant the directed verdict.[1] The jury was apprised of the fact that defendant was no longer on trial for murder, but was only charged with being an accessory after the fact to murder.

The next day, March 31, 1989, defendant decided to plead guilty to being an accessory after the fact to murder.

On appeal, defendant claims it was error for the trial court to instruct the jury on the common-law crime of accessory after the fact when this was not the crime for which he was bound over for trial and the information was not amended before trial to allege this crime. Defendant argues that without a properly amended information, there was no jurisdiction to accept his guilty plea. We find no error.

The applicable legal principles were succinctly stated in *People v Quinn,* 136 Mich App 145, 147; 356 NW2d 10 (1984):

A trial court has no authority to convict a

---

[1] This Court dismissed a complaint for superintending control on February 1, 1990. (Docket No. 116321).

defendant of an offense not specifically charged unless the defendant has had adequate notice. *People v Adams,* 389 Mich 222; 205 NW2d 415; 59 ALR3d 1288 (1973); *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937). The notice is adequate if the latter charge is a lesser included offense of the original charge. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). A trial court may not instruct a jury on a cognate lesser included offense unless the language of the charging document gives the defendant notice that he could face a lesser offense charge. *People v Chamblis,* 395 Mich 408, 418; 236 NW2d 473 (1975).

Compare *People v Price,* 126 Mich App 647; 337 NW2d 614 (1983).

A cognate lesser included offense is one that is in the same class or category as the charged offense or that is closely related to the charged offense. *Ora Jones, supra,* p 389; *People v William James,* 142 Mich App 225, 227; 369 NW2d 216 (1985). The cognate lesser offense may share some elements with the greater offense, but may also include some elements not found in the greater offense. *People v Heflin,* 434 Mich 482, 495; 456 NW2d 10 (1990). The elements of the two crimes should be compared in order to determine if an offense is a cognate lesser included offense of a charged offense. *James, supra.* However, whether a crime is a cognate offense generally turns on the particular facts of the case. *Heflin, supra.*

A person is an accessory after the fact when, after obtaining knowledge of the principal's guilt after the completion of the crime, he renders assistance in an effort to hinder the detection, arrest, trial, or punishment of the principal. *People v Beard,* 171 Mich App 538, 545; 431 NW2d 232 (1988).

In contrast, to be convicted of aiding and abet-

ting first-degree murder a defendant must either himself commit the first-degree murder or participate in the crime while knowing that a coparticipant possessed the requisite intent. *People v Karst,* 118 Mich App 34, 39; 324 NW2d 526 (1982). Aiding and abetting includes all forms of assistance rendered to the perpetrator of the crime. *People v Rockwell,* 188 Mich App 405, 411; 470 NW2d 673 (1991).

The distinction between the two crimes depends upon when the defendant's intent was formed and whether the assistance was rendered before, during, or after completion of the crime. *Karst, supra,* p 40. The Criminal Jury Instructions explain the difference by providing that an aider and abettor must know about and intend to further the commission of the crime before it is completed and must do some act or give some encouragement that helps in the commission; an accessory after the fact helps the person who committed the crime only after the crime has ended. CJI 8:2:02, now CJI2d 8.7. See also *People v Hartford,* 159 Mich App 295, 300-301; 406 NW2d 276 (1987).

The prosecution's theory in the first trial and on retrial was that defendant aided and abetted the murders as part of an elaborate plan that included the use of professional "hit men." See 121 Mich App 350, 352-353. However, there was conflicting evidence regarding whether defendant willingly participated in the crimes from the beginning or initially was one of the intended victims of the hit men. Defendant maintained that he was an intended victim but was able to negotiate his way out of certain death by agreeing to help the principals avoid detection after the murders were committed.

Because evidence adduced in the present case presented a factual question regarding whether

defendant assisted the commission of the offense before, during, or after completion of the multiple murders, we find the crime of accessory after the fact to murder was a cognate lesser included offense of aiding and abetting first-degree murder. *Ora Jones, supra,* p 390; *People v Rohn,* 98 Mich App 593, 602; 296 NW2d 315 (1980).

We believe the information provided defendant with adequate notice of the possibility that he could be held to answer for the crime of accessory after the fact to murder as a cognate lesser offense of first-degree murder. A logical connection between the offenses of aiding and abetting and accessory after the fact is well established, and the precise history of this case suggests that more than one individual was involved in the deaths and defendant had adequate notice that he might face the lesser included offense. *People v Chamblis,* 395 Mich 408, 418; 236 NW2d 473 (1975), overruled on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982).

Moreover, we believe that defendant should not be heard to complain that the information was, in effect, amended to incorporate the cognate offense of accessory after the fact because it was defendant himself who suggested this was a cognate offense he would argue to the jury before the trial court's grant of defendant's motion for a directed verdict on the first-degree murder charge.[2] *People v Williams,* 412 Mich 711, 714-715; 316 NW2d 717 (1982). See also *People v McKinley,* 168 Mich App 496, 507-508; 425 NW2d 460 (1988). Defendant was not prejudiced by this amendment of the information. *People v Stricklin,* 162 Mich App 623, 633; 413 NW2d 457 (1987).

Affirmed.

---

[2] In order to proceed on a theory of aiding and abetting, the information need only charge the defendant as a principal. *People v Clark,* 57 Mich App 339, 344; 225 NW2d 758 (1975).