PEOPLE v ADAMS

Docket No. 143754. Submitted September 15, 1993, at Lansing. De-
cided November 15, 1993, at 9:00 A.M. Leave to appeal sought.

Leonard L. Adams was convicted by a jury in the Oakland Circuit
Court, Francis X. O'Brien, J., of receiving or concealing stolen
property with a value exceeding $100. He then pleaded guilty
of being an habitual offender, fourth offense, and was sentenced
to forty months to ten years in prison. He appealed, alleging
that the court erred in granting the prosecutor's request, at the
close of the proofs, to instruct the jury regarding the cognate
lesser included offense of receiving or concealing stolen prop-
erty when he originally was charged with breaking and enter-
ing a building with intent to commit a larceny therein.

The Court of Appeals *held:*

The defendant did not receive adequate notice that he would
have to defend against a charge of receiving or concealing
stolen property. The trial court erred in granting the request
for an instruction regarding that charge.

1. The information that charged the defendant with breaking
and entering a building with intent to commit a larceny
therein made no reference to the defendant's having thereafter
possessed stolen goods or even that the larceny had been
successful.

2. Although receiving or concealing stolen property is a
cognate lesser included offense of breaking and entering a
building with intent to commit larceny therein, the two crimes
are not particularly similar in their elements. The facts to be
emphasized at a trial for one of the offenses are significantly
different from the facts to be emphasized at a trial for the
other.

3. Where, as in this case, a prosecutor seeks to add a cognate
lesser included offense that is not similar to the charged
offense, the information does not suggest the need to prepare a
defense against that cognate lesser included offense, and notice

REFERENCES

Am Jur 2d, Criminal Law §§ 1007, 1008.
Lesser-related state offense instructions: modern status. 50 ALR4th
1081.

to the defendant does not come until after the prosecutor begins to present evidence, the notice to the defendant is not adequate and the trial court should not grant the prosecutor's request for an instruction regarding that cognate lesser included offense.

Reversed and remanded.

CRIMINAL LAW — JURY INSTRUCTIONS — COGNATE LESSER INCLUDED OFFENSES.

A defendant does not receive adequate notice of the need to defend against a cognate lesser included offense, and the trial court should not grant the prosecutor's request for an instruction regarding that offense, where the offense sought to be added is dissimilar to the charged offense, the information does not suggest the need to prepare a defense against that offense, and notice to the defendant does not come until after the prosecutor begins to present evidence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Fillion,* for the defendant on appeal.

Before: McDONALD, P.J., and SAWYER and MARILYN KELLY, JJ.

SAWYER, J. Defendant was convicted, following a jury trial, of receiving or concealing stolen property valued over $100. MCL 750.535; MSA 28.803. He thereafter pleaded guilty of being a habitual offender, fourth offense. MCL 769.12; MSA 28.1084. He was sentenced to serve a term of three years, four months to ten years in prison. He now appeals and we reverse.

Defendant was originally charged with breaking and entering a building with intent to commit a larceny therein. MCL 750.110; MSA 28.305. During the course of trial, however, the prosecutor requested that the jury also be instructed on receiv-

ing or concealing stolen property, the offense of which defendant was ultimately convicted.

On appeal, defendant argues that the trial court erred in instructing the jury on the offense of receiving or concealing stolen property. We agree. Receiving or concealing stolen property is a cognate lesser included offense of breaking and entering. *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979). This Court reviewed the rules concerning consideration of lesser included offenses in *People v Usher,* 196 Mich App 228, 231-232; 492 NW2d 786 (1992):

> The applicable legal principles were succinctly stated in *People v Quinn,* 136 Mich App 145, 147; 356 NW2d 10 (1984):
>
> "A trial court has no authority to convict a defendant of an offense not specifically charged unless the defendant has had adequate notice. *People v Adams,* 389 Mich 222; 205 NW2d 415; 59 ALR3d 1288 (1973); *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937). The notice is adequate if the latter charge is a lesser included offense of the original charge. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). A trial court may not instruct a jury on a cognate lesser included offense unless the language of the charging document gives the defendant notice that he could face a lesser offense charge. *People v Chamblis,* 395 Mich 408, 418; 236 NW2d 473 (1975)."
>
> Compare *People v Price,* 126 Mich App 647; 337 NW2d 614 (1983).
>
> A cognate lesser included offense is one that is in the same class or category as the charged offense or that is closely related to the charged offense. *Ora Jones, supra,* p 389; *People v William James,* 142 Mich App 225, 227; 369 NW2d 216 (1985). The cognate lesser offense may share some elements with the greater offense, but may also include some elements not found in the greater offense. *People v Heflin,* 434 Mich 482, 495; 456

NW2d 10 (1990). The elements of the two crimes should be compared in order to determine if an offense is a cognate lesser included offense of a charged offense. *James, supra.* However, whether a crime is a cognate offense generally turns on the particular facts of the case. *Heflin, supra.*

While this Court has been reasonably consistent in determining the rules to be applied to this issue, it has been less than consistent in the results reached. For example, in *Price, supra,* this Court held that the trial court erred in granting the prosecutor's motion to amend the information to add a count of receiving or concealing stolen property where the defendant was originally charged with breaking and entering, while in *Quinn, supra,* this Court, with minimal discussion, concluded that the trial court did not err in convicting the defendant following a bench trial of receiving or concealing stolen property where the original charge was breaking and entering.

Ultimately, the question becomes whether, under the facts of each particular case, the defendant had adequate notice of the need to defend against the newly added charge. *People v Ellis,* 174 Mich App 139, 146; 436 NW2d 383 (1988), involved an issue of instructing the jury on felonious assault where the defendant was charged with kidnapping and first-degree criminal sexual conduct, with the Court making the following observation:

> Defendant next argues that it was error to instruct the jury on felonious assault. Defendant argues that he was not given fair notice to defend against a charge of felonious assault. Notice to defendant may be adequate with regard to a lesser cognate offense if the language of the charging document gives defendant notice that he could face a lesser offense charge. See *People v Quinn,* 136 Mich [App] 145; 356 NW2d 10 (1984). See also

*People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), overruled on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982). The theory of the prosecutor throughout the trial was that this transaction was accomplished at the point of a screwdriver. Defendant was clearly on notice that he was being charged for assaultive behavior accomplished with a weapon.

Thus, the question becomes whether defendant received adequate notice that he would have to defend himself against a charge of receiving or concealing stolen property to permit him properly to prepare and present his defense. First, we look to the language contained in the information. In *Usher, supra,* the prosecutor originally sought a conviction of first-degree murder under a theory of aiding and abetting, and the defendant was ultimately convicted of being an accessory after the fact to murder. The Court concluded that the information provided sufficient notice to the defendant of the possibility of being convicted of being an accessory after the fact because of the logical connection between the offenses of accessory after the fact and aiding and abetting. *Id.* at 234.[1] In the case at bar, the information charged defendant with breaking and entering a building with intent to commit a larceny therein, with no reference to defendant's having thereafter possessed stolen goods or even that the larceny had been successful.

Second, we believe it appropriate to consider the similarity between the charged offense and the offense sought to be added. As noted above, in *Usher,* this Court found sufficient similarity between the offenses of aiding and abetting and being an accessory after the fact to conclude that

[1] We further note that in *Usher* the defendant's conviction of a newly added offense was based upon a plea, not a conviction by a jury.

the defendant had received adequate notice. In the case at bar, while receiving or concealing stolen property is a cognate lesser included offense of breaking and entering a building with intent to commit a larceny therein, the two crimes are not particularly similar in their elements.

Breaking and entering requires a showing that (1) the defendant broke into a building, (2) the defendant entered the building, and (3) at the time of the breaking and entering, the defendant intended to commit a larceny or felony therein. See CJI2d 25.1. On the other hand, receiving or concealing stolen property requires a showing that (1) some property was stolen, (2) the defendant received or concealed that stolen property, (3) the defendant knew the property was stolen, and (4) the property had some value, over $100 for a felony. See CJI2d 26.1. The only common thread between these two offenses is the possible involvement of a larceny. However, even where the breaking and entering is predicated upon an intent to commit a larceny inside the building, it is not necessary that the larceny be successful, only that the defendant had intended to commit a larceny when he broke and entered.

Furthermore, the focus in breaking and entering is on the events that preceded the larceny: namely, what the defendant did in order to effectuate a planned larceny. Receiving or concealing stolen property, on the other hand, necessarily focuses on the facts that follow a larceny: whether the defendant obtained possession of stolen goods with the knowledge that those goods were stolen. It is not necessary to show that the defendant is indeed the same person who committed the larceny. Thus, the facts to be emphasized at a trial for breaking and entering are significantly differ-

ent from the facts to be emphasized at a trial for receiving or concealing stolen property.

Finally, there is the question of when defendant learned of the prosecutor's intent to seek an instruction on the cognate lesser included offense. In the case at bar, the request for the instruction came after the close of proofs, though there is some indication that defense counsel may have learned of the prosecutor's intent to seek an instruction on receiving or concealing stolen property part way through the trial, before the close of proofs.

We conclude that where, as here, the charged offense and the offense sought to be added are dissimilar in their elements, such late notice of the prosecutor's intent to seek an instruction on the lesser offense is inadequate. Where offenses are dissimilar, with the focus being on different factual elements, the defendant may well prepare his defense, including the cross-examination of prosecution witnesses, in an entirely different manner for the lesser offense than he would for the greater offense. However, once the trial is completed, or even nearly completed, it is difficult, if not impossible, for the defendant to adjust his trial strategy to encompass the newly added offense. Had the prosecutor notified defendant before the opening of proofs that he would also seek an instruction on receiving and concealing stolen property, that may well have been entirely adequate notice to allow the trial court to grant a request for such an instruction, particularly if the trial court were generous in granting any request by defense counsel for a continuance to allow for any additional preparation necessary for the changed character of the trial to come. In the case at bar, however, that notice simply came too late.

In sum, we conclude that where a prosecutor

seeks to add a cognate lesser included offense that is dissimilar to the charged offense, and the information does not suggest the need to prepare a defense against that cognate lesser included offense, and notice to the defendant does not come until after the prosecutor begins to present evidence, the trial court should not grant the prosecutor's request for an instruction on that cognate lesser included offense. Under those circumstances, the notice to the defendant is not adequate. Accordingly, we conclude that in the case at bar the trial court erred in granting the prosecutor's request for an instruction on the cognate lesser included offense of receiving or concealing stolen property.[2]

In light of our disposition of the above issue, it is unnecessary to consider defendant's remaining issue.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

[2] The prosecutor is, of course, free to retry defendant for receiving or concealing stolen property, because defendant would know of the charge.