PEOPLE v JOHNSON

Docket No. 109899. Submitted January 10, 1989, at Lansing. Decided April 3, 1989. Leave to appeal applied for.

Sidney Johnson committed one act of theft and subsequently pled guilty to larceny over $100, possession of stolen property valued over $100, and to being an habitual offender, third offense, Oakland Circuit Court, Jessica R. Cooper, J. Defendant was sentenced to 2 prison terms of 2½ to 10 years. Defendant appealed, claiming the convictions for larceny and possession of stolen property violated the constitutional prohibition against double jeopardy.

The Court of Appeals *held:*

The Legislature, in enacting the larceny statute and the statute proscribing the possession of stolen property, did not intend that punishment under both statutes can be imposed for one criminal act. Under the facts in this case, defendant can properly be convicted under either statute but not both.

Conviction and sentence for larceny are affirmed; conviction and sentence for possession of stolen property are vacated.

1. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS.

Statutes prohibiting conduct violative of distinct social norms generally are viewed as separate and amenable to permitting the imposition of multiple punishment; however, where two statutes prohibit violations of the same social norm in a different manner, or where a statute which incorporates most of the elements of a base statute increases the penalty for violation where there is aggravating conduct, it is evidence that the Legislature did not intend punishment to be imposed under both statutes for one transaction.

2. CRIMINAL LAW — DOUBLE JEOPARDY — LARCENY — POSSESSION OF STOLEN PROPERTY.

Convictions for both larceny and possession of stolen property, if

REFERENCES

Am Jur 2d, Criminal Law §§ 243 *et seq.*

Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions—Supreme Court cases. 67 L Ed 2d 831.

they arise out of one act committed by the defendant, violate the constitutional prohibition against double jeopardy.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Ronald E. Kaplovitz,* for defendant on appeal.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. Defendant pled guilty to larceny over $100, MCL 750.356; MSA 28.588, possession of stolen property over $100, MCL 750.535; MSA 28.803, and to being an habitual offender, third offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to 2 prison terms of 2½ to 10 years.

Defendant's convictions arose out of his theft of fourteen shirts from a store in February of 1987. Defendant ran into the store, snatched the shirts from a rack, and ran back out and into a waiting car. Police stopped defendant and his driver later that day.

On appeal, defendant argues that his conviction violated the prohibition against double jeopardy, and so requires reversal and resentencing.

In order to determine whether multiple punishment for the same act or transaction violates double jeopardy, we must inquire into whether the Legislature intended to authorize multiple punishment under different statutes for a single criminal transaction. *People v Robideau,* 419 Mich 458, 485; 355 NW2d 592 (1984); *People v Allay,* 171 Mich App 602, 606; 430 NW2d 794 (1988). In order to determine legislative intent, we should examine two criteria. First, whether each statute prohibits

conduct violative of a social norm distinct from that norm protected by the other statute. This indicates a legislative intent to allow multiple punishment. *Robideau,* p 487. However, where two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishment. *Id.* Second, we should consider the amount of punishment authorized by each statute and whether they are hierarchical or cumulative in nature; that is, whether the statute prohibiting the greater offense incorporates most of the elements of the base statute and builds on that less serious offense by requiring a showing of some aggravating conduct or factor, which is thereby punished more harshly than the offense prohibited by the base statute. *Id.,* pp 487-488. If such a hierarchy exists, an intent to punish the defendant under only one of the statutes is indicated. *Id.,* p 488. If a review of the two charged offenses results in no indication of legislative intent, the defendant may be convicted under only one statute. *Allay,* p 607.

Here the punishment provided by each statute is exactly the same: up to five years or a fine of $2,500 for either crime. MCL 750.356; MSA 28.588 and MCL 750.535; MSA 28.803. Each statute prohibits conduct which violates the same social norm: theft of property. Although one statute prohibits the actual theft and the other prohibits reaping the fruits by buying, receiving, possessing, or concealing stolen property, each statute operates so as to discourage the theft of property, although in different manners. Thus, we must conclude that the Legislature did not intend to provide for multiple punishment under both these statutes. *Robideau, supra,* p 487; *Allay, supra,* p 607.

Nor is this result contrary to the language of the receiving and concealing statute, or the Supreme Court's holding in *People v Hastings,* 422 Mich 267, 271-272; 373 NW2d 533 (1985). The Legislature specifically amended MCL 750.535; MSA 28.588 in 1979 to allow for prosecution of the thieves who stole property for possession of that same stolen property. *Hastings,* pp 271-272. The purpose of this amendment was to allow possession of the previously stolen property by the person who stole it to serve as the factual basis for a conviction for possession of stolen property under the receiving and concealing statute, effectively overruling the contrary holding of *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). *Hastings,* pp 271-272. However, this amendment does not indicate a legislative intent to impose multiple punishment for the same act, but rather to enlarge the prosecutor's arsenal to allow alternate charging and conviction of a thief under either the larceny statute or the receiving and concealing statute. Defendant could have been charged and convicted under either statute for this theft, but not under both of them.

We conclude that the Legislature did not intend to authorize punishment under both these statutes for a single criminal act. Defendant's multiple convictions for this single theft violate the constitutional prohibition against double jeopardy. In view of this conclusion, we vacate defendant's conviction and sentence on the charge of possession of stolen property under MCL 750.535; MSA 28.803. See *People v Jankowski,* 408 Mich 79, 96; 289 NW2d 674 (1980). This remedy is without effect on defendant's conviction and sentence for larceny, which we hereby affirm.

Reversed in part and affirmed in part.