PEOPLE v FLOWERS

Docket No. 122798. Submitted September 10, 1990, at Detroit. Decided December 17, 1990, at 9:15 A.M.

Barney L. Flowers was convicted in the Wayne Circuit Court of possession of stolen property and pled guilty in the Oakland Circuit Court, Gene Schnelz, J., of armed robbery. The defendant appealed, alleging that because the property in his possession was the same property stolen during the armed robbery, his conviction of armed robbery violated the Double Jeopardy Clause of the Fifth Amendment.

The Court of Appeals *held:*

The Double Jeopardy Clause was not violated.

The armed robbery and the possession of stolen property occurring on different days were not part of the same transaction. The harm or evil to be prevented by the armed robbery statute and the statute prohibiting possession of stolen property are substantially different. In addition, each offense requires proof of at least one fact which the other does not. Finally, the conduct required for the offense of possession of stolen property is possession; it is not necessary to prove possession to establish any of the essential elements of armed robbery.

Affirmed.

CRIMINAL LAW — DOUBLE JEOPARDY — ARMED ROBBERY — POSSESSION OF STOLEN PROPERTY.

A conviction of armed robbery following a conviction in a different court of possession of property stolen during the armed robbery did not violate the Double Jeopardy Clause of the Fifth Amendment where the offenses were not part of the same transaction, each required proof of at least one fact that the other did not, and the conduct required to establish the offense of possession of stolen property, i.e., possession, was not required to establish any of the essential elements of armed robbery (US Const, Am V, MCL 750.529, 750.535; MSA 28.797, 28.803).

REFERENCES

Am Jur 2d, Robbery § 50.

See the Index to Annotations under Double Jeopardy; Receiving and Transporting Stolen Property; Robbery.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

*Law Offices of Louis Demas, P.C.* (by *Randy E. Davidson*), for the defendant on appeal.

Before: DOCTOROFF, P.J., and GRIFFIN and REILLY, JJ.

PER CURIAM. Defendant pled guilty of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to five to ten years' imprisonment. Defendant appeals as of right and argues that his conviction violates the prohibition against double jeopardy because defendant had already been convicted of possession of the same property stolen during the armed robbery. We disagree and affirm.

The incident for which defendant was convicted occurred on March 21, 1989, when defendant committed an armed robbery of an individual in the City of Ferndale and stole the victim's vehicle. The next day, defendant was apprehended and charged in Wayne County under MCL 750.535(1); MSA 28.803(1) with possession of stolen property. The stolen property was the vehicle taken in Ferndale. Defendant argues that his conviction in Wayne County of possession of stolen property bars his subsequent conviction in Oakland County of armed robbery because of the prohibition against double jeopardy.

In *People v White,* 390 Mich 245, 258; 212 NW2d 222 (1973), the Court adopted the same-transaction test as the proper standard to be applied in examining a claim of double jeopardy. When a general intent crime is involved, the test to determine whether crimes arise out of the same

transaction is whether the offenses are part of the same criminal episode and whether the offenses involved laws intended to prevent the same or similar harm or evil, not a substantially different kind of harm or evil. *Crampton v 54-A Dist Judge,* 397 Mich 489, 501-502; 245 NW2d 28 (1976). Armed robbery is a specific intent crime. *People v Ramsey,* 23 Mich App 11; 178 NW2d 105 (1970). Possession of stolen property with a value greater than $100, however, is not a specific intent crime. *People v Watts,* 133 Mich App 80, 83; 348 NW2d 39 (1984). Hence, the same-transaction test is applicable here. We conclude that armed robbery and possession of stolen property on different days are not part of the same transaction and that the harm or evil to be prevented by the armed robbery statute, MCL 750.529; MSA 28.797, and by the statute that prohibits possession of stolen property, MCL 750.535; MSA 28.803, are substantially different. Under the same-transaction test, the prohibition against double jeopardy was not violated here. *White, supra.*

The federal test was set forth in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). Under the *Blockburger* test, two separate offenses exist where each offense requires proof of at least one fact which the other does not. *People v Wilson,* 180 Mich App 12, 16; 446 NW2d 571 (1989). Defendant concedes that the prosecution for armed robbery survives the *Blockburger* test. Our analysis, however, cannot stop here. In *Grady v Corbin,* 495 US —; 110 S Ct 2084; 109 L Ed 2d 548 (1990), the United States Supreme Court adopted a new standard to be applied in examining a claim that successive prosecutions violate the Double Jeopardy Clause of the Fifth Amendment. The Court held:

> [T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. [110 S Ct 2087; 109 L Ed 2d 557.]

The critical inquiry is what conduct the state will prove, not what evidence the state will use to prove the conduct. 110 S Ct 2093; 109 L Ed 2d 564. The inquiry regarding what conduct the state will prove is to be performed after the court determines that the offense survives the *Blockburger* test. *Id.*

Application of the *Grady* standard to the offenses before us indicates that double jeopardy was not violated. The conduct that constitutes the offense of possession of stolen property is possession. It is not necessary to prove the conduct of possession in order to establish any of the essential elements of armed robbery.

Affirmed.