PEOPLE v AINSWORTH

Docket No. 145312. Submitted September 24, 1992, at Lansing. Decided December 7, 1992, at 10:40 A.M.

Royal K. Ainsworth pleaded guilty on June 17, 1991, in the Ionia Circuit Court, James K. Nichols, J., of larceny from a person. The charge arose out of a September 16, 1990, robbery of a person in Ionia County in which a wallet, credit cards, and checks were taken. On October 2, 1990, the defendant was arrested in Livingston County, having those items in his possession. He pleaded guilty on November 30, 1990, in Livingston Circuit Court of receiving and concealing stolen property and stealing or retaining a financial transaction device. He appealed, arguing that the larceny conviction violated his constitutional right not to be placed twice in jeopardy for a single offense, because the larceny charge arose out of the same criminal transaction that resulted in the Livingston County convictions.

The Court of Appeals *held:*

Although the larceny in Ionia County and the possession of the fruits of that larceny in Livingston County were geographically and temporally removed from each other, they were nevertheless part of a single continuous criminal episode. Accordingly, because the defendant had been convicted in Livingston County of possession of the fruits of the larceny and the larceny and possession statutes were intended to prevent a similar harm or evil, charging the defendant in Ionia County with the underlying larceny violated his right against double jeopardy. The appropriate remedy is to vacate the larceny conviction and sentence.

Reversed.

CRIMINAL LAW — DOUBLE JEOPARDY — LARCENY — RECEIVING AND CONCEALING STOLEN PROPERTY.

The larceny of a wallet containing credit cards and the subse-

REFERENCES

21 Am Jur 2d, Criminal Law §§ 243, 247, 266-267.

Series of takings over a period of time as involving single or separate larcenies. 53 ALR3d 398.

Plea of guilty as basis of claim of double jeopardy in attempted subsequent prosecution. 75 ALR2d 683.

quent possession of those items, even if remote from the larceny both temporally and geographically, are part of a continuous criminal episode; accordingly, the prohibition against double jeopardy precludes a conviction in a separate proceeding of larceny of the wallet where the defendant previously had been convicted of receiving and concealing stolen goods and retaining a financial transaction device arising out of the possession of the same wallet (MCL 750.157n, 750.357, 750.535; MSA 28.354[14], 28.589, 28.803).

*Charles W. Simon, III,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

SHEPHERD, J. Defendant pleaded guilty in Ionia County of larceny from a person, MCL 750.357; MSA 28.589, and was sentenced to three to ten years in prison. Defendant appeals as of right and argues that his constitutional right against double jeopardy was violated because his plea of guilty of larceny from a person in this case arose out of the same transaction that resulted in his prior pleas of guilty of receiving and concealing stolen property and stealing or retaining a financial transaction device in Livingston County.

Defendant's guilty plea in this case arose from an incident that occurred in Ionia County on September 16, 1990, when Charles Hoffman was attacked and robbed while he was sleeping in a parked car. On October 2, 1990, defendant was arrested in Livingston County because he had in his possession the wallet, credit cards, and checks belonging to Hoffman. Defendant was charged with the crimes of receiving and concealing stolen property, MCL 750.535; MSA 28.803, and stealing or retaining a financial transaction device, MCL 750.157n; MSA 28.354(14). He pleaded guilty of both offenses and was sentenced to ninety days in jail for the receiving and concealing offense and

one to four years in prison for the stealing or retaining a financial transaction device offense.

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. These guarantees protect a defendant against successive prosecutions for the same offense and multiple punishments for the same offense. *Ashe v Swenson,* 397 US 436, 450-454; 90 S Ct 1189; 25 L Ed 2d 469 (1970); *People v Bewersdorf,* 438 Mich 55, 72; 475 NW2d 231 (1991). The validity of successive prosecutions is determined by the same-transaction test. *People v White,* 390 Mich 245, 258; 212 NW2d 222 (1973). This test requires the prosecution, except in the most limited circumstances, to join at trial all the charges against a defendant arising out of a single criminal act, occurrence, episode, or transaction. *Id.,* p 259; *Crampton v 54-A Dist Judge,* 397 Mich 489, 501-502; 245 NW2d 28 (1976); *People v Greenberg,* 176 Mich App 296, 305; 439 NW2d 336 (1989). Where one or more of the offenses does not have a specific criminal intent as an element,

> the criterion is whether the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil. [*Crampton, supra,* p 502.]

MCL 750.357; MSA 38.589 provides in relevant part:

> Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than ten years.

The elements of larceny are:

> (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be the goods or personal property of another, (5) and the taking must be without the consent of and against the will of the owner. [*People v Jones,* 106 Mich App 429, 432; 308 NW2d 243 (1981).]

Larceny is a specific intent crime. *People v Lerma,* 66 Mich App 566; 239 NW2d 424 (1976).

The receiving and concealing stolen property statute, MCL 750.535(1); MSA 28.803(1), provides, in pertinent part:

> A person who buys, receives, possesses, conceals or aids in the concealment of stolen, embezzled, or converted money, goods, or property knowing the money, goods, or property to be stolen, embezzled, or converted, if the property purchased, received, possessed, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00 or both.

The elements of the crime of receiving and concealing stolen property of a value exceeding $100 are:

> (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with knowledge of the defendant that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen. [*People v Hooks,* 139 Mich App 92, 96; 360 NW2d 91 (1984).]

This Court has held that receiving and concealing stolen property is not a specific intent crime. *People v Watts,* 133 Mich App 80, 83; 348 NW2d 39 (1984); *People v Flowers,* 186 Mich App 652, 653-654; 465 NW2d 43 (1990).

MCL 750.157n(1); MSA 28.354(14)(1), as amended by 1987 PA 276, effective March 30, 1988, provides in pertinent part:

> (1) A person who steals, knowingly takes, or knowingly removes a financial transaction device from the person or possession of a deviceholder, or who knowingly retains, knowingly possesses, knowingly secretes, or knowingly uses a financial transaction device without the consent of the deviceholder, is guilty of a felony.

MCL 750.157m(f)(ii); MSA 28.354(13)(f)(ii) defines a "financial transaction device" as a credit card. Although this statute has yet to be interpreted, we conclude that the offense of stealing or retaining a financial transaction device constitutes a specific intent crime, given that knowledge is an essential element of this crime.

In this case, the same-transaction test is applicable, because one of the offenses is not a specific intent crime. *Crampton, supra; Flowers, supra.* While larceny from a person and stealing or retaining a financial transaction device are specific intent crimes, receiving and concealing stolen property is not. Under the double jeopardy analysis, the question then becomes whether the offenses are part of the same criminal episode and involve laws intended to prevent the same or similar harm or evil.

In *Flowers,* a panel of this Court held that the prohibition against double jeopardy was not violated in a case where the defendant committed an armed robbery of an individual and stole the

victim's vehicle in the City of Ferndale on March 21, 1989. In that case, the defendant argued that his prior conviction in Wayne County of possession of stolen property, MCL 750.535(1); MSA 28.803(1), barred his subsequent plea-based conviction of armed robbery, MCL 750.529; MSA 28.797, in Oakland County. In *Flowers,* the panel held that the armed robbery and the possession of stolen property on different days were not part of the same transaction and that the harm or evil to be prevented by the statutes in question were substantially different, i.e., the statute prohibiting possession of stolen property discourages conduct violating the social norm concerning the theft of property, whereas the statute prohibiting armed robbery discourages the use of force and violence during the commission of a larceny.

In this case, we believe that the prohibition against double jeopardy was violated. First, larceny from a person, receiving and concealing stolen property, and stealing or retaining a financial transaction device formed part of the same criminal episode that began in Ionia County on September 16, 1990, and ended in Livingston County on October 2, 1990. Even though the larceny from a person occurred on a different date and in a different county than the other two crimes, what is important is that they formed part of a "continuous time sequence and display [of] a single intent and goal." *Crampton, supra,* p 502. Second, each statute in question prohibits conduct that violates the same social norm: theft of property. *People v Johnson,* 176 Mich App 312, 313-314; 439 NW2d 345 (1989). Although the punishment provided by each statute is different, the harm or evil to be prevented, in contrast to *Flowers,* is not of a substantially different kind. Therefore, we con-

clude that under the same-transaction test, the prohibition against double jeopardy was violated.

Accordingly, we vacate defendant's conviction of and sentence for larceny from a person, MCL 750.357; MSA 28.589. This remedy has no effect on defendant's prior convictions of and sentences for receiving and concealing stolen property and stealing or retaining a financial transaction device.

Reversed.