PEOPLE v PATTERSON

Docket No. 168418. Submitted April 4, 1995, at Detroit. Decided June
2, 1995; approved for publication July 27, 1995, at 9:00 A.M.

James J. Patterson was convicted in the Hillsdale Circuit Court,
Harvey W. Moes, J., of larceny over $100, conspiracy to commit
a larceny over $100, breaking and entering a building with
intent to commit a larceny, and conspiracy to break and enter
a building with intent to commit a larceny. He subsequently
pleaded guilty of being an habitual offender, third offense. The
defendant appealed, asserting that because the charges arose
out of the theft of four baby goats, the prosecutor abused his
discretion in charging him with larceny over $100, MCL
750.356; MSA 28.288, rather than larceny of livestock, MCL
750.357a; MSA 25.589(1), and that the charging of both larceny
and breaking and entering with intent to commit a larceny
constituted double jeopardy.

The Court of Appeals *held:*

1. Although a prosecutor has broad discretion in determining
under which of two applicable statutes a prosecution will be
initiated, that discretion is not unlimited. Where two statutes
prohibit the same conduct, the defendant must be charged
under the more specific, more recently enacted statute. Because
the statute making criminal the larceny of livestock specifically
addresses the larceny of goats and was enacted after the
enactment of the general larceny statute, the prosecutor abused
his discretion in charging the defendant under the general
larceny statute. The conviction of larceny over $100 must be
vacated, and, on remand, the trial court must enter a convic-
tion under the larceny of livestock statute.

2. Because breaking and entering is not a continuing offense
but rather is completed once the actor completes the unlawful
entry, double jeopardy considerations are not implicated by
conviction of both breaking and entering with intent to commit
a larceny and the subsequent larceny within the building.

Affirmed in part, vacated in part, and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael R. Smith,* Prose-
cuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*Jeanice Dagher-Margosian,* for the defendant.

Before: CAVANAGH, P.J., and JANSEN and D. C. KOLENDA,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of larceny over $100, MCL 750.356; MSA 28.588, conspiracy to commit larceny over $100, MCL 750.157(a); MSA 28.354(1), breaking and entering a building with intent to commit a larceny, MCL 750.110; MSA 28.305, and conspiracy to break and enter a building with intent to commit a larceny, MCL 750.157(a); MSA 28.354(1). Defendant subsequently pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant appeals as of right. We affirm in part, vacate in part, and remand.

Defendant's conviction arose from the theft of four baby goats. Defendant argues that the prosecutor abused his discretion by charging defendant with larceny over $100 instead of larceny of livestock, MCL 750.357a; MSA 28.589(1). The larceny of livestock statute provides:

> Any person who shall commit the offense of larceny by stealing the livestock of another shall be guilty of a felony.
> The term "livestock" shall apply to horses, stallions, colts, geldings, mares, sheep, rams, lambs, bulls, bullocks, steers, heifers, cows, calves, mules, jacks, jennets, burros, *goats,* kids, and swine. [Emphasis added.]

The prosecutor has broad discretion in determining under which of two applicable statutes a prosecution will be initiated. However, that discretion is not unlimited. Where two statutes prohibit the same conduct, the defendant must be charged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under the more specific, most recently enacted statute. *People v Robinson,* 97 Mich App 542, 545-546; 296 NW2d 99 (1980).

The prosecutor contends that the goats in question were "show goats" and therefore more akin to personal property than livestock. However, the prosecutor's argument is not supported by the plain language of the larceny of livestock statute, which specifically addresses the larceny of goats. The larceny of livestock statute, enacted in 1943, is also more recent than the general larceny statute, which was enacted in 1931. Because the larceny of livestock statute is both more specific and more recently enacted than the general larceny statute, the prosecutor abused his discretion in charging defendant under the general larceny statute. *Robinson, supra.* We therefore vacate defendant's conviction under the general larceny statute and direct the trial court on remand to enter a conviction under the larceny of livestock statute.

Defendant also argues that his convictions of both larceny over $100 and breaking and entering with intent to commit the crime of larceny violate the prohibition against double jeopardy. However, breaking and entering is not a continuing offense. It is completed once the actor has entered the building. Any crime committed once inside the building is a separate act. *People v Wise,* 134 Mich App 82, 93; 351 NW2d 255 (1984). Thus, the prohibition against double jeopardy is not violated if a defendant is convicted of both larceny and breaking and entering. *People v Lesperance,* 147 Mich App 379, 385; 382 NW2d 788 (1985).

We vacate defendant's conviction of and sentence for larceny over $100, affirm defendant's other convictions, and remand to the trial court for entry of a conviction of larceny of livestock and sentencing in accordance with that conviction.