PEOPLE v HUNT (AFTER REMAND)

Docket No. 169873. Submitted October 18, 1995, at Lansing. Decided November 17, 1995, at 9:10 A.M. Leave to appeal sought.

Scott M. Hunt was convicted in the Eaton Circuit Court, Conrad J. Sindt, J., of breaking and entering an occupied dwelling, having previously pleaded guilty in the Ingham Circuit Court of attempted receiving and concealing stolen property with a value less than $100. The property forming the basis of the Ingham County charge had been taken during the burglary that formed the basis of the Eaton County charge. The defendant appealed. The Court of Appeals remanded. Unpublished order of the Court of Appeals, entered September 13, 1993 (Docket No. 139489). The trial court, Thomas S. Eveland, J., ordered the vacation of the breaking and entering conviction on the basis of double jeopardy or, in the alternative, a new trial on the basis of various errors that occurred during the trial. The prosecution appealed, and the defendant cross appealed.

After remand, the Court of Appeals *held:*

1. An individual is protected under the Double Jeopardy Clause of the Michigan Constitution against a second prosecution for the same offense following a conviction. Separate acts are deemed to be the same offense for the purpose of double jeopardy where they arise out of a single transaction involving a continuous time sequence and a single intent and goal or, where the offenses have different specific criminal intents, are punishable under laws intended to prevent the same or similar harm or evil.

2. The breaking and entering in Eaton County during which the defendant stole, among other things, a particular watch and the defendant's possession of that watch later on the same day when he pawned it in Ingham County were clearly part of a single criminal episode in which the defendant intended to convert the victim's property to his own use. Accordingly, the trial court did not err in vacating the defendant's conviction of breaking and entering on the ground of double jeopardy because of successive prosecutions.

3. The record does not support the prosecution's suggestion that these successive prosecutions should be allowed because the breaking and entering was not discovered until after the

guilty plea of receiving and concealing stolen property had already been accepted. Clearly, both crimes had been completed and the Eaton County authorities were already aware that the watch stolen during the breaking and entering had been found in the possession of the defendant long before the defendant pleaded guilty of receiving and concealing stolen property. That the Eaton County authorities did not believe that they had sufficient evidence to convict of breaking and entering until after the guilty plea of receiving and concealing had been accepted does not exempt the proceedings in this case from the operation of the Double Jeopardy Clause. The dismissal of the breaking and entering conviction did not cause an inequitable result.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for the defendant on appeal.

AFTER REMAND

Before: MacKENZIE, P.J., and FITZGERALD and J. P. O'BRIEN,* JJ.

PER CURIAM. The prosecution appeals as of right from an opinion and order, entered on remand from this Court, vacating on the ground of double jeopardy defendant's conviction of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305. Alternatively, the court ordered a new trial on grounds of evidentiary error, instructional error, and ineffective assistance of counsel. We agree that the conviction must be vacated as violative of the Double Jeopardy Clause of the Michi-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

gan Constitution, Const 1963, art 1, § 15, and, therefore, affirm.

On September 21, 1989, a breaking and entering took place at an Eaton County residence. Among the items taken was an imitation Rolex watch. On that same day, defendant pawned the watch in Ingham County. He subsequently was charged in Ingham County with receiving and concealing stolen property. On May 10, 1990, defendant pleaded guilty of attempted receiving and concealing stolen property under $100. He was sentenced to forty-five days in jail, with credit for seventy-four days served.

On May 18, 1990, the Eaton County authorities received information that defendant committed the breaking and entering involving the watch. Defendant subsequently was charged with, and following a jury trial convicted of, that offense.

As noted above, defendant's conviction of breaking and entering subsequently was vacated by the trial court as being in violation of the Double Jeopardy Clause. On appeal, the prosecution contends that the trial court erred in vacating the conviction. We disagree.

Individuals are constitutionally protected from being placed twice in jeopardy for the same offense. *People v Gonzalez,* 197 Mich App 385, 392; 496 NW2d 312 (1992). There are three separate protections afforded within the guarantee: (1) protection against prosecution for the same offense after an acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *Id.* This case involves the second protection, that is, the protection against successive prosecution after a conviction.

In Michigan, the term "same offense" for pur-

poses of the protection against multiple prosecutions is defined by the "same transaction" test. *People v White,* 390 Mich 245, 258; 212 NW2d 222 (1973); *People v Sturgis,* 427 Mich 392, 401; 397 NW2d 783 (1986). This test requires the prosecution, except in the most limited circumstances, to join at one trial all the charges against a defendant arising out of a single criminal act, occurrence, episode, or transaction. *Crampton v 54-A Dist Judge,* 397 Mich 489, 501-502; 245 NW2d 28 (1976); *People v Ainsworth,* 197 Mich App 321, 323; 495 NW2d 177 (1992). In cases involving a series of specific criminal intent offenses, the same transaction test requires a continuous time sequence and display of a single intent and goal. *Crampton, supra,* pp 499, 501-502. Where one or more of the offenses does not have specific criminal intent as an element,

> the criterion is whether the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of harm or evil. [*Crampton, supra,* p 502.]

See also *Ainsworth, supra,* p 323.

Receiving and concealing stolen property—the crime of which defendant was prosecuted in Ingham County—is not a specific intent crime, *Ainsworth, supra,* p 325, while breaking and entering includes specific intent as an element, *People v Cannoy,* 136 Mich App 451, 453; 357 NW2d 67 (1984). Under *Crampton,* therefore, the question becomes whether defendant's offenses were part of the same criminal episode and involved laws intended to prevent the same or similar harm. *Ainsworth, supra,* p 325.

In this case, the evidence indicated that defen-

dant broke into the victim's home on September 21, 1989, and stole, among other items, an imitation Rolex watch. He then pawned the watch the same day for $30. The breaking and entering and the possession of the stolen goods were clearly part of a single criminal episode in which defendant intended to convert the victim's property into his own. Compare *People v Flowers,* 186 Mich App 652; 465 NW2d 43 (1990) (armed robbery and possession of stolen property on *different* days are not part of same transaction). Moreover, the offenses are closely related and in the same class or category, see *People v Adams,* 202 Mich App 385, 387; 509 NW2d 530 (1993), and, thus, unlike the crimes at issue in *Flowers,* the laws involved may be said to be intended to prevent similar harms. Accordingly, under *Crampton,* the prohibition against successive prosecutions was violated in this case. The trial court did not err in vacating defendant's breaking and entering conviction on the ground of double jeopardy.

We reject the prosecution's suggestion that this case falls within the exception to the same transaction test that allows successive prosecutions where a crime is not completed or not discovered despite due diligence on the part of the police until after a prosecution for other crimes arising out of the same transaction. See, e.g., *People v Harding,* 443 Mich 693, 703-705; 506 NW2d 482 (1993). Here, both crimes were completed and discovered long before either prosecution, and, as noted by the trial court, the Eaton County authorities had been aware for several months before their prosecution of defendant that the victim's watch had been stolen in a break-in and that defendant had been in possession of that watch. This Court has never recognized that the *Harding* exception extends to a situation where, despite knowledge of a

completed crime, investigators decided to charge a defendant with a lesser crime because, at the time, they were unable to accumulate enough evidence to convict the defendant of a greater crime.

Finally, contrary to the prosecution's argument, this is not an appropriate case to hold that it would be "inequitable" not to allow both of defendant's convictions to stand despite the constitutional prohibition against successive prosecutions. As noted by defendant and the trial court, had the charges against defendant been properly joined in a single prosecution, he could not have been convicted of both breaking and entering and receiving and concealing. *People v Johnson,* 176 Mich App 312, 315; 439 NW2d 345 (1989).

Our conclusion that defendant's breaking and entering conviction was properly vacated makes it unnecessary to address the parties' remaining claims.

Affirmed.