PEOPLE v SQUIRES

Docket No. 211526. Submitted October 6, 1999, at Detroit. Decided April 7, 2000, at 9:05 A.M.

Stephen P. Squires pleaded guilty in the Dickinson Circuit Court, John D. Payant, J., of breaking and entering an occupied dwelling with intent to commit larceny and of receiving or concealing stolen property worth over $100. The defendant appealed by leave granted, arguing that the convictions violated the double jeopardy protection of Const 1963, art 1, § 15 against multiple punishments for the same offense.

The Court of Appeals *held*:

The constitutional protection against multiple punishments for the same offense is a restriction on a court's ability to impose punishment in excess of that intended by the Legislature. The Legislature has the sole power to define crime and fix punishment, and it may authorize cumulative punishment of the same conduct under two different statutes. Factors considered in determining whether the Legislature intended punishment under two different statutes for the same conduct include whether each statute prohibits conduct violative of a social norm distinct from the norm protected by the other, the amount of punishment authorized by each statute, whether the statutes are hierarchical or cumulative, the elements of each offense, and any other factors indicative of legislative intent. The Legislature intended to permit multiple punishments for a person convicted in a single prosecution of both breaking and entering and receiving or concealing stolen property. The breaking and entering statute and the receiving or concealing stolen property statute are not hierarchical or cumulative. The two statutes are aimed at protecting distinct social norms. The intent of the breaking and entering statute is to protect the right of peaceful habitation. The receiving or concealing stolen property statute protects property by prohibiting the possession of stolen property. Finally, there is no double jeopardy violation if, as in this case, one crime is complete before the other takes place, even if the offenses share common elements and one constitutes a lesser offense of the other.

Affirmed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS — BREAK-ING AND ENTERING — RECEIVING OR CONCEALING STOLEN PROPERTY.

Convicting a person of breaking and entering and of receiving or con-cealing stolen property on the basis of one transaction does not violate the double jeopardy protection against multiple punish-ments under the state constitution (Const 1963, art 1, § 15; MCL 750.110, 750.535; MSA 28.305, 28.803).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey G. Paupore*, Pros-ecuting Attorney, and *William E. Molner*, Assistant Attorney General, for the people.

*Ronald D. Ambrose*, for the defendant on appeal.

Before: WILDER, P.J., and BANDSTRA and CAVANAGH, JJ.

CAVANAGH, J. Defendant pleaded guilty of breaking and entering an occupied dwelling with intent to com-mit larceny, MCL 750.110; MSA 28.305, and of receiv-ing or concealing stolen property worth over $100, MCL 750.535; MSA 28.803. The trial court sentenced defendant to concurrent terms of two to ten years' imprisonment for the breaking and entering convic-tion and one to five years' imprisonment for the receiving or concealing stolen property conviction. Defendant appeals by delayed leave granted. We affirm.

In tendering his plea, defendant acknowledged that on September 8, 1997, he broke into a house in Nor-way, Michigan, by opening an unlocked door and walking inside. Defendant admitted that he entered the house with the intent of stealing something and that he stole items of personal property, including plane tickets, travelers checks, and various sports paraphernalia, in all valued in excess of $100. Defend-

ant further confessed that he "[g]ot rid of" these items by giving them to friends.

In his sole issue on appeal, defendant contends that his convictions of both breaking and entering and receiving or concealing stolen property constitute a violation of the Double Jeopardy Clause of the Michigan Constitution, Const 1963, art 1, § 15. Defendant's guilty pleas do not waive his double jeopardy rights. See *People v Artman*, 218 Mich App 236, 244; 553 NW2d 673 (1996). A double jeopardy issue constitutes a question of law that this Court reviews de novo. *Id.*

The Michigan Constitution protects a person from being twice placed in jeopardy for the "same offense." *People v Torres*, 452 Mich 43, 63; 549 NW2d 540 (1996). The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.[1] *Id.* at 64. In the present case, defendant asserts that he is being subjected to multiple punishments for the same offense.

The purpose of the double jeopardy protection against multiple punishments for the same offense is to protect the defendant's interest in not enduring more punishment than was intended by the Legislature. *People v Whiteside*, 437 Mich 188, 200; 468 NW2d 504 (1991). The constitutional protection against multiple punishments for the same offense is a restriction on a court's ability to impose punishment

---

[1] Although the language of the Michigan Double Jeopardy Clause is substantially identical to that of the federal constitution, US Const, Am V, Michigan's Double Jeopardy Clause affords a broader scope of protection than the federal clause where multiple prosecutions are concerned. *People v Gonzalez*, 197 Mich App 385, 393; 496 NW2d 312 (1992).

in excess of that intended by the Legislature. Because the Legislature has the sole power to define crime and fix punishment, the Double Jeopardy Clause is not a limitation on the Legislature's power to establish punishment. *People v Fox (After Remand)*, 232 Mich App 541, 555-556; 591 NW2d 384 (1998).

Although the Double Jeopardy Clause restricts courts from imposing more punishment than that intended by the Legislature, the Legislature may authorize cumulative punishment of the same conduct under two different statutes. *People v Denio*, 454 Mich 691, 709; 564 NW2d 13 (1997). Whether the Legislature intended multiple punishments at a single trial for persons who commit the offenses in question is the determining factor under the Double Jeopardy Clause. *Id.* at 706. Determination of legislative intent involves traditional considerations of the subject, language, and history of the statutes. *Id.* at 708. Factors to consider include whether each statute prohibits conduct violative of a social norm distinct from the norm protected by the other, the amount of punishment authorized by each statute, whether the statutes are hierarchical or cumulative, the elements of each offense, and any other factors indicative of legislative intent. *Id.*

Defendant relies on this Court's decision in *People v Hunt (After Remand)*, 214 Mich App 313; 542 NW2d 609 (1995). In *Hunt*, the defendant broke into an Eaton County residence and stole a watch. He pawned the watch in Ingham County and subsequently pleaded guilty in the Ingham Circuit Court of attempted receiving or concealing stolen property. Later, the defendant was convicted following a jury trial in the Eaton Circuit Court of breaking and enter-

ing an occupied dwelling to steal the watch. The
*Hunt* Court held that the offenses were part of the
"same transaction,"[2] and therefore the two convic-
tions violated the protection against successive prose-
cutions for the same offense. See *id.* at 315-317. The
Court went on to state that "had the charges against
defendant been properly joined in a single prosecu-
tion, he could not have been convicted of both break-
ing and entering and receiving and concealing." *Id.* at
318. Defendant cites this statement in support of his
contention that his convictions violate the constitu-
tional prohibition against double jeopardy.

We find, however, that the *Hunt* Court's statement
that a defendant cannot be convicted of both break-
ing and entering and receiving and concealing in a
single prosecution was dicta. *Hunt* involved the
double jeopardy protection against successive prose-
cutions after a conviction, whereas the instant case
involves the protection against multiple punishments
for the same offense. Consequently, the statement
was not essential to determining the outcome in
*Hunt*, and therefore it does not constitute binding
precedent under MCR 7.215(H)(1). See *People v
Borchard-Ruhland*, 460 Mich 278, 286, n 4; 597 NW2d
1 (1999) ("It is a well-settled rule that obiter dicta
lacks the force of an adjudication and is not binding
under the principle of stare decisis.").

We further conclude that the *Hunt* panel's analysis
was flawed. First, we note that the statutes are

---

[2] The question whether successive prosecutions for the same offense
violate the Double Jeopardy Clause is ordinarily measured by the same
transaction test, under which the prosecutor is required to join at one trial
all charges that grow out of a continuous time sequence and that demon-
strate a single intent and goal. *People v Spicer*, 216 Mich App 270, 272; 548
NW2d 245 (1996).

located in different chapters of the Penal Code, meaning that they are not hierarchical or cumulative.[3] *People v Peerenboom*, 224 Mich App 195, 201; 568 NW2d 153 (1997). In addition, the two statutes are aimed at protecting distinct social norms. The intent of the breaking and entering statute is to protect the right of peaceful habitation. *People v Spivey*, 202 Mich App 719, 725; 509 NW2d 908 (1993). The receiving or concealing statute, on the other hand, protects property by prohibiting the possession of stolen property. See MCL 750.535; MSA 28.803. Furthermore, the elements of the two offenses differ significantly, because breaking and entering does not require the successful completion of a larceny, and receiving or concealing stolen property does not require that the defendant broke into and entered a building.[4] It is therefore reasonable to conclude that the Legislature intended to permit cumulative punishment for persons who commit both offenses.

Defendant correctly points out that receiving or concealing stolen property is a cognate lesser included offense of breaking and entering. See *People v Kamin*, 405 Mich 482, 496; 275 NW2d 777 (1979). Nevertheless, this Court has observed that "the two

---

[3] Statutes are hierarchical or cumulative in nature when the statute prohibiting the greater offense incorporates most of the elements of the base statute and builds on that less serious offense by requiring a showing of some aggravating conduct or factor, which is thereby punished more harshly than the offense prohibited by the base statute. *People v Walker*, 234 Mich App 299, 310; 593 NW2d 673 (1999).

[4] Indeed, this Court has held that where the defendant was originally charged with breaking and entering a building with intent to commit larceny, the trial court erred in instructing the jury on receiving or concealing stolen property because the defendant had not received adequate notice that he would have to defend himself against the latter charge. See *People v Adams*, 202 Mich App 385, 391-392; 509 NW2d 530 (1993).

crimes are not particularly similar in their elements." *People v Adams*, 202 Mich App 385, 390; 509 NW2d 530 (1993). The common thread between the two offenses is the possible involvement of a larceny; however, the focus in breaking and entering is on the events that preceded the larceny, while receiving or concealing stolen property necessarily focuses on the facts that follow the larceny. *Id.* There is no double jeopardy violation if one crime is complete before the other takes place, even if the offenses share common elements or one constitutes a lesser offense of the other. *People v Lugo*, 214 Mich App 699, 708; 542 NW2d 921 (1995). Breaking and entering is not a continuing offense. It is completed once the actor has entered the building. Any crime committed once inside the building is a separate act. *People v Patterson*, 212 Mich App 393, 395; 538 NW2d 29 (1995); see *Adams, supra* at 390-391. Thus, this Court has held that the prohibition against double jeopardy is not violated if a defendant is convicted of both breaking and entering and larceny. *Patterson, supra.* Applying the same logic, we conclude that, because the crime of breaking and entering is complete before the crime of receiving or concealing takes place, a defendant may be convicted of both crimes without any violation of the constitutional prohibition against double jeopardy.

The *Hunt* Court cited *People v Johnson*, 176 Mich App 312, 315; 439 NW2d 345 (1989), in support of its assertion that a defendant cannot be convicted of both breaking and entering and receiving and concealing in a single prosecution. However, in *Johnson*, this Court held that separate convictions of larceny over $100 and possession of stolen property for the

same act violated the Double Jeopardy Clause because each statute prohibited conduct that transgressed the social norm concerning the theft of property. The *Johnson* Court found that the Legislature did not intend to authorize punishment under both statutes for a single criminal act. *Id.* at 314-315. Thus, *Johnson* does not address whether a double jeopardy violation exists when a defendant is convicted in a single trial of a theft crime and a nontheft crime such as breaking and entering.

In sum, we find that the Legislature intended to permit multiple punishments for persons convicted in a single prosecution of both breaking and entering and receiving or concealing stolen property. Accordingly, we conclude that defendant's convictions under both statutes did not violate double jeopardy protections against multiple punishments.

Affirmed.